IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TODD C. HOMI,                                    08-CV-754-BR

         Plaintiff,                              OPINION AND ORDER

v.

GEORGIA PACIFIC, LLC,
and RICHARD PAUL LAMMERS,

         Defendants


DANIEL J. SNYDER
Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, OR  97205
(503) 241-3617

         Attorneys for Plaintiff

KRISTEN L. BREMER
ROBERT LANE CAREY
Tonkon Torp LLP
888 S.W. Fifth Ave., Suite 1600
Portland, OR 97217
(503) 802-2154

         Attorneys for Defendant Georgia Pacific, LLC


1  -  OPINION AND ORDER

**STEVEN D. GERTTULA**
Attorney at Law
416 Bond St.
Astoria, OR  97103
(503) 325-5434

        Attorney for Defendant Richard Paul Lammers

**BROWN, Judge.**

    This matter comes before the Court on the Motion (#21) for
Summary Judgment filed by Defendant Georgia Pacific, LLC.

    Defendants Georgia Pacific and Richard Paul Lammers each
filed Motions for Summary Judgment on February 27, 2009.  The
Court heard oral argument on both Motions on June 4, 2009.  At
oral argument, the Court denied Georgia Pacific's Motion as to
Plaintiff Todd C. Homi's Claim One against Georgia Pacific for
workers' compensation retaliation and Homi's Claim Two against
Georgia Pacific for retaliation for making a criminal complaint.
The Court granted Georgia Pacific's Motion as to Homi's Claim
Three against Georgia Pacific for battery, and Homi conceded
Georgia Pacific's Motion as to his Claim Five against Georgia
Pacific for negligent supervision.  In addition, the Court denied
Lammers's Motion.  The only remaining issue before the Court is
Georgia Pacific's Motion as to Homi's Claim Four against Georgia
Pacific for wrongful discharge.

    For the reasons that follow, the Court **GRANTS** the Motion of
Georgia Pacific as to Homi's Claim Four against Georgia Pacific
for wrongful discharge.

2   -  OPINION AND ORDER

## BACKGROUND

The following facts are not disputed unless otherwise noted.

Homi worked for Georgia Pacific in its Wauna Mill manufacturing plant from December 1996 to May 9, 2007.  The Wauna Mill plant makes facial tissues, napkins, toilet tissue, and paper towels.

During the graveyard shift on May 7, 2007, Homi and Lammers, who was also a Georgia Pacific employee working at the Wauna Mill plant, had a physical altercation.  Homi had been instructed to "blow down" the area where Lammers was working.  Lammers told Homi not to do so, but to use a broom instead.  In response, Homi made a comment and a rude gesture.  A fight ensued.

The parties do not agree about the details, but it is undisputed that Homi was cut on the arm during the fight. Lammers reported the incident to supervisors, and Homi received medical care at the mill.  Homi was released from work and taken to the hospital by ambulance for follow-up care.

The hospital provided Homi with a Form 827 to initiate the workers' compensation process, which Homi completed at the hospital.  Georgia Pacific also provided Homi with workers' compensation paperwork.

Homi notified the Clatsop County Sheriff's Department about the fight and filed a police report on May 8, 2007.  Lammers also

3    -    OPINION AND ORDER

contacted the Sheriff's Department about the altercation at the mill.

On May 9, 2007, Georgia Pacific terminated both employees for violating the company's workplace violence policy.  Both Homi and Lammers filed grievances through their union in which they each alleged the other was at fault.  The union determined Lammers was telling the truth and recommended to Georgia Pacific that Lammers's employment be reinstated.  Georgia Pacific reinstated Lammers on July 27, 2007, but it did not reinstate Homi.

In the meantime, Homi filed for workers' compensation on May 20, 2007.

On October 1, 2007, Lammers was indicted on the charge of Assault III based on forensic evidence that indicated Homi's cut was caused by one of Lammers's utility knives.  Lammers's criminal matter has been resolved.

On May 8, 2008, Homi filed a complaint in Clatsop County Circuit Court.  In his complaint, Homi asserted five claims against Georgia Pacific:  (1) workers' compensation discrimination and retaliation in violation of Oregon Revised Statute § 659A.040, (2) retaliation for making a criminal complaint in violation of Oregon Revised Statute § 659A.230, (3) battery under Oregon common law, (4) wrongful discharge under Oregon common law, and (5) negligent hiring and supervision under

Oregon common law.  Homi also asserted a claim against Lammers
for battery.

On June 20, 2008, Defendants removed the matter to this
Court on the basis of federal-question jurisdiction, asserting
that Homi's Claim Five was preempted by § 301 of the Labor
Management Relations Act, 29 U.S.C. § 185a.

On February 27, 2009, Georgia Pacific moved for summary
judgment on all of Homi's claims.  On the same day, Lammers also
moved for summary judgment as to all of Homi's claims even though
Homi only asserts a claim of battery against Lammers.

On April 8, 2009, Homi filed a Motion to Supplement the
Record in which he requested the Court to consider the
Arbitration Decision and Award issued March 31, 2009 (Exhibit 9)
in which the arbitrator found in Homi's favor.  On April 23,
2009, the Court instructed Homi to submit a supplemental
memorandum explaining the effect, if any, Exhibit 9 could have on
Defendants' Motions.  On May 6, 2009, Homi filed his Supplemental
Memorandum.  On May 20, 2009, Georgia Pacific filed its
Opposition to Homi's Supplemental Memorandum.

At oral argument on June 4, 2009, the Court denied Homi's
Motion to Supplement the Record for purposes of determining the
then-pending summary judgment motions.  As noted, at oral
argument the Court also denied Georgia Pacific's Motion as to
Homi's Claims One and Two, granted Georgia Pacific's Motion as to

Homi's Claims Three and Five, took Georgia Pacific's Motion under advisement as to Homi's Claim Four, and denied Lammers's Motion.

## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id*.  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

6   -  OPINION AND ORDER

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## DISCUSSION

Georgia Pacific contends it is entitled to summary judgment on Homi's Claim Four for wrongful discharge because, among other things, (1) Homi has an adequate statutory remedy and (2) there is not any evidence Homi was exercising a job-related right of important public interest or that Homi was fulfilling an important public duty. *See Babick v. Or. Arena Corp.*, 333 Or. 401, 407 (2002).

I.    **Standards.**

Under Oregon law, an employer may discharge an employee at
any time for any reason unless doing so violates a contractual,
statutory, or constitutional requirement.  *Id.* (citing *Patton v.
J. C. Penney Co.*, 301 Or. 117, 120 (1986)).  The tort of wrongful
discharge is a narrow exception to this general rule.  *Id*.

Oregon courts have recognized two circumstances that give
rise to the common-law tort of wrongful discharge:  (1) discharge
for "exercising a job-related right of important public interest"
and (2) discharge for "fulfilling some important public duty."
*Babick*, 333 Or. at 407.  Examples of the first category include
discharge for filing a worker's compensation claim (*Brown v.
Transcon Lines*, 284 Or. 597 (1978)) and resisting sexual
harassment by a supervisor (*Holien v. Sears, Roebuck & Co.*, 298
Or. 76 (1984)).  Examples of the second category include
discharge for serving on jury duty (*Nees v. Hocks*, 272 Or. 210
(1975)), for reporting patient abuse at a nursing home (*McQuary
v. Bel Air Convalescent Home, Inc.*, 69 Or. App. 107 (1984)), and
for refusing to sign a false report regarding a fellow employee's
work-related conduct (*Delaney v. Taco Time Int'l Inc.*, 297 Or. 10
(1984)).

The tort of wrongful discharge, however, was not intended to
be a tort of general application but rather an interstitial tort
to provide a remedy when the conduct in question is unacceptable

8   -  OPINION AND ORDER

and no other remedy is available. *Cantley v. DSMF, Inc.*, 422 F. Supp. 2d 1214, 1220 (D. Or. 2006)(citing *Draper v. Astoria School Dist.*, 995 F. Supp. 1122, 1128 (D. Or. 1998))(internal quotation omitted). *See also Walsh v. Consolidated Freightways, Inc.*, 278 Or. 347, 351-52 (1977). "The underlying purpose of that tort in this state is not to vindicate individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests." *Draper v. Astoria School Dist.*, 995 F. Supp. 1122, 1130 (D. Or. 1998). Thus, the court in *Draper* concluded a claim for common-law wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in question or (2) the legislature has intentionally abrogated the common-law remedies by establishing an exclusive remedy regardless whether the courts perceive that remedy to be adequate. *Id.* at 1130-31.

## II. Analysis.

In his Complaint, Homi alleges wrongful discharge with respect to his claims for retaliation for exercising his rights under the workers' compensation system and for reporting criminal activity. Homi also alleges he was wrongfully discharged for exercising a job-related right of important public interest as well as for fulfilling an important public duty. In his Response

and at oral argument, however, Homi conceded his wrongful-
discharge claim was not based on the exercise of a job-related
right of important public interest.  At oral argument, he also
conceded his claims for wrongful discharge with respect to
exercising his workers' compensation rights are precluded by the
existence of adequate statutory remedies.  Accordingly, the only
basis for Homi's wrongful-discharge claim before this Court is
his assertion that he was fulfilling an important public duty
with respect to his report of criminal activity.  As noted,
Georgia Pacific argues Homi cannot bring a claim of wrongful
discharge on the grounds that (1) Homi has an adequate statutory
remedy available and (2) there is not any evidence to support
Homi's assertion that he was fulfilling an important public duty.

**A.    Adequate statutory remedy.**

Georgia Pacific contends Oregon Revised Statute § 659A.230
provides Homi with an adequate statutory remedy and, therefore,
precludes Homi's wrongful-discharge claim.

As noted, the court in *Draper* concluded a claim for common-
law wrongful discharge is not available in Oregon if (1) an
existing remedy adequately protects the public interest in
question or (2) the legislature has intentionally abrogated the
common-law remedies by establishing an exclusive remedy
regardless whether the courts perceive that remedy to be
adequate.  *Draper*, 995 F. Supp. at 1130-31.  In addition,

§ 659A.230 has been held to provide an adequate statutory remedy under the first *Draper* factor above. *See Lively v. Wash. Inventory Srvs., Inc.*, No. 02-CV-1363, WL 3090165, at *5 (D. Or. Dec. 31, 2004).

Homi contends, however, that Oregon courts have held the above factors are conjunctive, and, therefore, a wrongful discharge claim cannot be dismissed on the ground that an available statutory remedy exists unless the legislature intentionally abrogated the common-law remedy. *See Olsen v. Deschutes County*, 204 Or. App. 7, 13-17 (2006). *See also Love v. Polk County Fire Dist.*, 149 Or. App. 474, 482-88 (2006).

The Court, however, need not reach this argument because the Court concludes herein that Homi was not fulfilling an important public duty. Georgia Pacific, therefore, is entitled to summary judgment on Homi's claim for wrongful discharge.

**B.   Fulfillment of an important public duty.**

**1.   Unsafe or illegal workplace conditions.**

Homi asserts he was fulfilling an important public duty by reporting unsafe or illegal workplace conditions to his employer. Oregon courts have held such conduct to be an important public duty in certain circumstances. *McQuary*, 69 Or. App. at 109. *See also Dalby v. Sisters of Providence of Or.*, 125 Or. App. 149, 151 (1993)(raising concerns about noncompliance with Oregon Administrative Rules regarding

11   -   OPINION AND ORDER

prescription-drug inventory records constituted fulfillment of public duty).  Here, however, there is not any dispute that Lammers rather than Homi reported the incident to supervisors. Accordingly, Homi did not "fulfill[] some important public duty" by reporting unsafe working conditions or illegal activity to his employer.  *Babick*, 333 Or. at 407.

        **2.  Police report.**

        Homi also asserts he was fulfilling an important public duty when he filed the police report about an illegal activity (the fight) to authorities.

        To determine whether there is a public duty that has been frustrated by Georgia Pacific's alleged conduct, the task of the Court is to "find a public policy, not to create one."  *See Dunwoody v. Handskill Corp.*, 185 Or. App. 605, 616 (2003)(citing *Babick*, 333 Or. at 409).  The Court looks for evidence of such a duty in constitutional and statutory provisions as well as in the case law of this and other jurisdictions.  *See Dunwoody*, 185 Or. App. at 605.

        Homi does not identify any statute or constitutional provision that compelled him to file a police report.  A "public duty[, however,] may arise from evidence of a substantial public policy that would be thwarted if an employer were allowed to discharge its employee without liability."  *Babick*, 333 Or. at 408 (quotation omitted).  Homi asserts he was fulfilling the

substantial public policy of helping to ensure public safety by filing the police report.

In *Babick*, the defendant discharged a group of security guards after some of them arrested concert patrons that were engaging in illegal activity. *Id.* at 404. The plaintiffs alleged their employer wrongfully discharged them on the theory that they were fulfilling the important public duty of ensuring public safety by arresting lawbreakers. *Id.* at 405. The Oregon Supreme Court determined Oregon Revised Statutes chapters 131-70, which reflect a public policy against crime and in favor of community safety, were "far too general to support plaintiffs' public duty theory." *Id.* at 409. The court concluded there was not any "support in the statutes that have been brought to our attention . . . for a conclusion that some substantial public policy requires the kinds of acts that allegedly triggered plaintiffs' discharge." *Id.* at 410. The court stated it was "concerned here with a duty to perform a specific act (the arrest of lawbreakers by private citizens or private security personnel) and the statutes cited have nothing to say about that kind of act." *Id.* at 409.

Here, similarly, Homi alleges his filing of the police report fulfilled the important public duties of ensuring public safety and preventing crime. As noted, however, the Oregon Supreme Court rejected similar arguments in *Babick*. Accordingly,

13  -  OPINION AND ORDER

the Court concludes Homi did not fulfill a "substantial public policy" when he filed the police report that allegedly triggered his discharge. *Id.* at 410.

In summary, the Court concludes on this record that Georgia Pacific did not discharge Homi for fulfilling some important public duty, and, therefore, the Court grants Georgia Pacific's Motion for Summary Judgment as to Homi's Claim Four for wrongful discharge.

### CONCLUSION

For these reasons, the Court **GRANTS** Georgia Pacific's Motion (#21) for Summary Judgment as to Homi's Claim Four for wrongful discharge.

IT IS SO ORDERED.

DATED this 24th day of June, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

14   -  OPINION AND ORDER